IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JRMAR "JJ" JEFFERSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-3065-L-BN** |
| | § | |
| **GREG ABBOTT,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Emergency Motion for Declaratory and Injunctive Relief, Temporary Injunction & Judicial Review ("Motion") (Doc. 4), filed December 6, 2024; and Plaintiff's Motion to Expedite Consideration of his Motion ("Motion to Expedite") (Doc. 7), filed December 23, 2024. For the reasons that follow, the court **denies** Plaintiff's Motion (Doc. 4) and **denies as moot** Plaintiff's Motion to Expedite (Doc. 7).

Jrmar "JJ" Jefferson ("Plaintiff"), who is proceeding pro se, brought this action on December 6, 2024, against Greg Abbott, Governor of Texas (in his official capacity); Jane Nelson, Secretary of State of Texas (in her official capacity); Christina Adkins, Director of Elections (in her official); Gilberto Hinojosa, Chair of the Texas Democratic Party (in his official and individual capacity); Jasmine Felicia Crockett, Candidate for U.S. Representative District 30; Kardal Coleman, Chair of the Dallas County Democratic Party (in his official and individual capacity); and Crystal Gayden, Chair of the Tarrant County Democratic Party (in her official and individual capacity) (collectively, "Defendants"). In his Complaint, Plaintiff alleges that Defendants violated the United States Constitution and the Texas Election Code when they: (1) improperly rejected his candidacy and removed him from the ballot after Jasmine Crocket challenged his candidacy; and

**Memorandum Opinion and Order – Page 1**

(2) accepted Jasmine Crockett's application and candidacy to appear as a Democratic Party candidate on the primary ballot for the United States Representative in District 30. He contends that Jasmine Crockett lacked standing to challenge his candidacy, and her certification as a candidate was fraudulent, violated various election laws, and undermined the constitutional rights of voters to directly elect their representatives. He asserts that Jasmine Crockett's candidacy and certification were unlawful because she failed to comply with certain procedural requirements such as the requirement that applications be signed, sworn, and notarized in Texas before a Texas notary (as opposed to another state).

Plaintiff seeks the following relief in his Complaint:

**1. Injunctive Relief to Halt Certification:**
- Issue an injunction prohibiting the Governor and Secretary of State from certifying the District 30 Congressional race until compliance with constitutional and statutory requirements is achieved.

**2. Injunctive Relief to Review and Rescind Improper Certifications:**
- Prohibit the issuance of certificates of election for District 30 until Defendant Crockett's candidacy is reviewed and deemed compliant.
- Rescind any certificates already issued to Defendant Crockett.
- Require written notification to Defendant Crockett of her disqualification.

**3. Declaratory Relief**
- Declare that Defendant Jasmine Crockett's candidacy is non-compliant with federal and state law and order her disqualification.
- Declare Plaintiff Jrmar "JJ" Jefferson as the only lawful candidate for U.S. Congressional District 30 and the rightful winner of the election.

**4. Nullify All Related Certifications:**
- Declare any certifications, actions, or election results reflecting Defendant Jasmine Crockett's candidacy as null and void.

**5. Award Costs and Fees:**
- Award Plaintiff reasonable costs and fees under **42 U.S.C. § 1988**.

**6. Grant Further Relief:**
- Provide such other and further relief as this Court deems just and proper to safeguard Plaintiff's rights, restore electoral integrity, and uphold the rule of law.

Pl.'s Compl. 29.

Plaintiff's Motion includes the same request for relief.  Plaintiff asserts that, "[b]y granting this relief, the [c]ourt will affirm that no one may benefit from fraud or noncompliance, safeguard voter confidence, and restore the integrity of the democratic process in accordance with Article I, Section 4 of the U.S. Constitution."  Pl.'s Mot. 25.  In support of the Motion, Plaintiff contends:

> This case demonstrates the need for immediate judicial intervention to preserve the integrity of the electoral process. Plaintiff . . ., as the duly selected Libertarian replacement candidate, has faced significant procedural hurdles yet complied fully with all statutory requirements. Plaintiff has the right to compete only against compliant candidates. Defendant Jasmine Crockett, however, benefitted from fraudulent actions and procedural violations, rendering her candidacy unlawful under state and federal law.

*Id.* at 24.  He further contends that he has satisfied the following requirements for injunctive relief:

> 1. **Likelihood of Success on the Merits:** Defendant Crockett's candidacy violates constitutional and statutory provisions, while Plaintiff's compliance establishes his rightful position.
>
> 2. **Irreparable Harm:** Certification of votes cast for an ineligible candidate will cause permanent harm to Plaintiff's candidacy, voters' rights, and public confidence in the election.
>
> 3. **Public Interest:** Declaring Plaintiff the winner and nullifying unlawful certifications serves the public's interest in fair, lawful elections.

*Id.* at 30.

In his Motion to Expedite, Plaintiff requests that the court "[s]chedule an expedited hearing no later than December 29, 2024, or [i]ssue a ruling on the Emergency Motion based on the submitted papers; "grant oral argument pursuant to [his] federal right to be heard"; and "[i]ssue necessary injunctive or mandamus relief to compel Defendants to comply with their statutory and constitutional duties," including "[e]njoin[ing] certification of Defendant Crockett until compliance with statutory and constitutional requirements [are] verified."  Pl.'s Mot. to Expedite 2, 5.  For the first time in his Motion to Expedite, Plaintiff also asserts that he is "entitled to expedited relief under 28 U.S.C. § 1657(a), as the matter involves constitutional rights and

**Memorandum Opinion and Order – Page 3**

imminent deadlines with respect to the swearing-in of the 118th Congress on January 3, 2025."
Pl.'s Mot. to Expedite 3.  In addition, he contends that his Motion satisfies the standard for
injunctive relief and has established the following the requirements:

- A likelihood of success on the merits,

- Irreparable harm absent relief,

- That the balance of equities favors Plaintiff , and

- That injunctive relief serves the public interest.

*Id.* at 3.

It is not clear from Plaintiff's Motion whether he is relying on one or all of his claims to
establish his entitlement to injunctive relief.  It is also unclear but appears that Plaintiff is seeking
*ex parte* injunctive relief, as he seeks consideration of his Motion on an emergency or expedited
basis, and there is no indication from the docket sheet that Defendants have been served with
copies of his Complaint and summonses.  The court, therefore, **construes** Plaintiff's Motion as a
request for an *ex parte* temporary restraining order ("TRO").

There are four prerequisites for the extraordinary relief of a TRO or preliminary injunction.
A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2)
> there is a substantial threat that irreparable harm will result if the [TRO or
> preliminary] injunction [are] not granted; (3) the threatened injury [to the movant]
> outweighs the threatened harm to the defendant; and (4) the granting of the
> preliminary injunction [or TRO] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v.
Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy
a cumulative burden of proving each of the four elements enumerated before a temporary
restraining order can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760

F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant a TRO or preliminary injunction.

Rule 65(b)(1) of the Federal Rules of Civil Procedure permits a court to issue an *ex parte* TRO without notice to the adverse party or its attorney only when both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

Plaintiff's Complaint is not verified. Plaintiff submitted an affidavit in support of his Motion, but it does not satisfy either of Rule 65(b)(1)'s requirements for *ex parte* relief. The affidavit does not show that immediate and irreparable injury, loss, or damage will result to the Plaintiff before Defendants can be heard in opposition because all of the events complained of took place six to twelve months ago, and no explanation for the delay in seeking injunctive relief is included in the affidavit. Thus, any alleged imminent danger or injury appears to be a product of Plaintiff's own conduct and delay. Although Plaintiff is proceeding pro se, his affidavit also fails to explain what, if any, efforts were made to give notice to Defendants and the reasons why such notice should not be required. As noted, Plaintiff's Motion and affidavit do not mention the alleged "imminent deadlines with respect to the swearing-in of the 118th Congress on January 3, 2025." This was mentioned for the first time in his *unsworn* Motion to Expedite that was filed seventeen days after his Motion and affidavit. Additionally, unlike his Motion to Expedite, his Motion only addresses three of the four requirements for injunctive relief. Finally, the court also

**Memorandum Opinion and Order – Page 5**

questions whether Plaintiff has Article III standing to pursue the rights of and the alleged injuries to the general public as opposed to his own personal rights and alleged injuries.

Accordingly, for all of these reasons, the court **denies** Plaintiff's Motion (Doc. 4) and request for issuance of an ex parte TRO for failure to satisfy each of the requirements for injunctive relief and Rule 65(b)(1)'s requirements for *ex parte* relief.  This ruling **moots** Plaintiff's Motion to Expedite (Doc. 7), which is **denied as moot**.  The court also notes that, contrary to Plaintiff's assertion, there is no federal or constitutional right to a hearing or oral argument with respect to every motion filed in a federal civil proceeding such as this.

**It is so ordered** this 23rd day of December, 2024.

Sam A. Lindsay
United States District Judge