IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JRMAR "JJ" JEFFERSON,**<br><br>Plaintiff,<br><br>v.<br><br>**GREG ABBOTT** (in his official capacity); **JANE NELSON, Secretary of State of Texas** (in her official capacity); **CHRISTINA ADKINS, Director of Elections** (in her official capacity [and individual capacity]; **GILBERTO HINOJOSA, Chair of the Texas Democratic Party** (in his official and individual capacity); **JASMINE FELICIA CROCKETT, Candidate for U.S. Representative District 30; KARDAL COLEMAN, Chair of the Dallas County Democratic Party** (in his official and individual capacity); **and CRYSTAL GAYDEN, Chair of the Tarrant County Democratic Party** (in her official and individual capacity),<br><br>Defendants. | § | Civil Action No. **3:24-CV-3065-L-BN** |

**ORDER**

Before the court are Defendant Gilberto Hinojosa's Motion to Dismiss under Federal Rule of Civil Procedure 12(h)(3) ("Motion to Dismiss") (Doc. 63)[1]; and Defendant Gilberto Hinojosa's Motion for Summary Judgment ("Motion for Summary Judgment") (Doc. 66). On June 9, 2026, the magistrate judge issued his Findings, Conclusions and Recommendation ("Report" or "FCR") (Doc. 72), recommending that the court grant the Motion to Dismiss (Doc. 63); and deny as moot the Motion for Summary Judgment (Doc. 66). For the reasons that follow, the court **accepts** the

[1] Defendant Hinojosa notes in his Motion to Dismiss that he no longer serves as Chair of the Texas Democratic Party. That office is now held by Kendall Scudder.

magistrate judge's findings and conclusions, **as supplemented by this order**, and **overrules** Plaintiff's objections.

## I. Discussion[2]

Plaintiff's Complaint contains various allegations against all Defendants. With respect to Defendant Hinojosa, Plaintiff alleges as follows:

> **Gilberto Hinojosa, Chair of the Texas Democratic Party**
>
> - Sued in his official and individual capacities.
> - As Chair of the Texas Democratic Party, Defendant **Hinojosa** served as the filing authority for the Democratic primary and was responsible for reviewing and certifying candidate applications under Tex. Elec. Code§ 141.032.

Doc. 3 at 5 (emphasis added).

> Despite lacking standing to challenge Plaintiff[']s candidacy under Tex. Elec. Code § 141.034(b), [Jasmine] Crockett's baseless allegations were entertained. The filing authority, Gilberto **Hinojosa**, unlawfully delegated his ministerial duties to designees who fabricated reasons to reject Plaintiff[']s candidacy.

Doc. 3 at 7 (emphasis added).

> Defendant Crockett was improperly certified as the Democratic candidate for District 30 despite clear statutory violations. Her candidacy was advanced through procedural failures, fraudulent certifications, and ultra vires actions by Brenda Cruz and Johanna Contreras, acting as designees of Gilberto **Hinojosa**. These actions constitute election fraud under Tex. Elec. Code § 276.019 and a violation of Plaintiff's rights under the Equal Protection and Due Process Clauses.

Doc. 3 at 8 (emphasis added).

> **1. Failure to Perform Ministerial Duties:** Defendant **Hinojosa** failed to perform his mandatory duties under Tex. Elec. Code § 141.032, delegating critical responsibilities to designees who lacked authority.

Doc. 3 at 12 (emphasis added).

---

[2] Rather than repeating the factual and procedural background in this case included in the court's prior order granting Defendant Adkins' Motion to Dismiss, the court **incorporates by reference** that factual and procedural background as if repeated herein verbatim.

> 2. Ministerial Duty of Filing Authority
>
> The Texas Election Code §§ 141.032 and 172.0222 imposed a non-discretionary duty on Gilberto **Hinojosa**, as the filing authority, to:
>
> - Personally review applications for compliance with statutory requirements;
> - Reject defective applications and notify candidates of their rejection in writing.
>
> [Defendant] **Hinojosa** improperly delegated these responsibilities to Brenda Cruz and Joanna Contreras, who acted without statutory authority. This delegation violated the law and resulted in the fraudulent certification of Defendant Crockett's candidacy.
>
> . . . .
>
> [Defendant] **Hinojosa's** failure to fulfill his statutory duties invalidates the certification of Crockett's candidacy. His actions and those of his designees disregarded procedural safeguards, compromising the election's integrity.

Doc. 3 at 15(emphasis added).

> The Plaintiff firmly believes that representatives *should be elected, not selected*. The integrity of elections is foundational to the democratic process, and the manipulation of this election undermines those principles. The violations committed by Defendants, including Jasmine Crockett, Gilberto **Hinojosa**, and their designees, reflect a disregard for fairness, transparency, and the rule of law.

Doc. 3 at 25 (emphasis added).

On February 9, 2026, Defendant Hinojosa moved, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all claims against him in his official and individual capacity, arguing that: (1) Plaintiff's claims are moot because the injunctive and declaratory relief sought by him concerns only the 2024 election and certification process that would be impossible to grant because they have long since concluded; (2) Plaintiff lacks Article III standing because Plaintiff cannot satisfy the redressability requirement, as he does not allege continuing or threatened future harm; and (3) Plaintiff has failed to state a plausible claim for relief against him because his allegations—that "fraudulent acts, including false certification and procedural

irregularities committed by Defendant Gilberto Hinojosa, Brenda Cruz" and "[t]he filing authority, Gilberto Hinojosa, unlawfully delegated his ministerial duties to designees who fabricated reasons to reject Plaintiff[']s candidacy"—are conclusory and not supported by any facts, that if proved, would establish that he "unlawfully delegated his ministerial duties"[3]; and (4) dismissal with prejudice of Plaintiff's claims is appropriate because his "pleadings demonstrate and absence of any viable claim against Defendant Hinojosa." Doc. 7 at 9.

On May 1, 2026, Defendant Hinojosa also moved for summary judgment on similar grounds, arguing that Plaintiff's claims are moot and he lacks standing. Defendant Hinojosa also contends that Plaintiff cannot raise a genuine dispute of material fact with respect to any claim against him because Plaintiff has produced no evidence as to how he unlawfully delegated his ministerial duties and no evidence that he acted with malice or any manner other than as a good faith official for the Democratic Primary Election. Defendant Hinojosa further contends that, "[e]ven if Plaintiff were to swear to the allegations in the [C]omplaint by way of declaration, his self-serving statements, made without knowledge of Chair Hinojosa and his designee's actions, are insufficient alone to support the claims pleaded." Doc. 66 at 7 (citation omitted).

Additionally, Defendant Hinojosa argues that Plaintiff cannot raise a genuine issue of material fact to support a claim under 42 U.S.C. § 1983 because he lacks "evidence to demonstrate that any right under the Constitution was violated." Defendant Hinojosa asserts that Plaintiff cannot establish that he has any liability under Section 1983 because the election codes he relies on—Tex. Elec. Code §§ 141.032, 145.003, and 172.022—"do not create a substantive federal right to placement on the ballot of a party primary," and "[n]o violation of the applicable state law took

[3] Doc. 63 at 7 (quoting Doc. 3 at 3).

place[,] but even if it did, Plaintiff cannot prove federal constitutional and statutory provisions that were violated." Doc. 66 at 7-8 (citing *Hatten v. Rians*, 854 F. 2d at 693 5th Cir. 1988)).

Finally, Defendant Hinojosa asserts that he is entitled to summary judgment because the allegations in Plaintiff's Complaint violate the rule against "group pleading" and the requirement that "a § 1983 plaintiff 'must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Doc. 66 at 8 (citing *Armstrong v. Ashley*, 60 F. 4th 262, 272-75 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).[4]

The magistrate judge recommended that the court grant the Motion to Dismiss (Doc. 63) and dismiss without prejudice the claims against Defendant Hinojosa for lack of jurisdiction; and deny as moot the Motion for Summary Judgment (Doc. 66). The magistrate judge noted that, although Rule 12(h)(3), rather than 12(b)(1), is the correct procedural mechanism for challenging the court's jurisdiction after an answer has been filed, jurisdiction was nevertheless lacking and Defendant Hinojosa was entitled to dismissal of the claims against him on this ground because:

> "'In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings.'" *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (quoting *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) (citing, in turn, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))). "A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). "And '[i]t is well-settled, that mootness is a threshold jurisdictional inquiry.'" *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) (quoting *L[ouisiana] Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580 (5th Cir. 2004)).
>
> It was not clear that, even when this lawsuit was freshly filed in December 2024, that the Court was positioned to grant the injunctive and declarative relief that Jefferson seeks through the original (and still operative) complaint as to the

[4] As Armstrong involved the adequacy of the plaintiff's pleadings in the context of a motion to dismiss rather than a summary judgment motion that is based on evidence, the court construes this argument to mean that Plaintiff cannot come forward with evidence sufficient to raise a genuine dispute of material fact that his individual official actions violated the Constitution.

2024 Democratic primary contest for Texas District 30 of the United States House of Representatives.

But it's now June 2026—after the Democratic and Republican parties have completed their primary elections for the 2026 general election. And, so, it has not been shown that the Court can now grant any effectual relief whatever to [Mr.] Jefferson as to the 2024 elections.

As [Defendant] Hinojosa explains,

> [i]n the context of election controversies, "[a] party usually must show its claims have evaded the review that was available for reasons beyond its control before it can ask for more." *Beaumont Chapter of NAACP v. Jefferson Cnty., Tex.*, 685 F. Supp. 3d 414, 421 (E.D. Tex. 2023) (finding that Plaintiffs' filing their Motion for Emergency Temporary Restraining Order on the day before the election as not diligently pursuing their claims and rendering such claims as moot).
>
> In *Wilson v. Birnberg*, 667 F.3d 591 (5th Cir. 2012), the Fifth Circuit held that a plaintiff's suit over the decision [not to] place his name on the ballot during the 2010 primary election was moot. *Id.* at 595-97. The Court found that because the requested injunctive relief included judicial orders that would have affected an election that had already come and gone, that the requested relief was impossible. *Id.* at 595. As such, the claims that supported that remedy were determined moot and dismissed. *Id.*
>
> Here, Plaintiff's case is moot because the relief requested concerns solely the 2024 election, which would be impossible to grant. In the Memorandum Opinion and Order, the Court characterized Plaintiffs' relief as the following: (1) injunctive relief to halt certification; (2) injunctive relief to review and rescind improper certifications; (3) declaratory relief that would declare Plaintiff the only lawful candidate for the 2024 U.S. Congressional District 30 election and (4) nullification of all related certification. ECF No. 47 at 5. Like the plaintiff in *Wilson*, all the relief requested by the Plaintiff here concerns an election that already has taken place. To grant such relief, the Court would have to invalidate an election, which it will only do "in exceptional circumstances, usually when there has been egregious defiance of the Voting Rights Act." *Wilson*, 667 F. 3d at 597 (quoting *Lopez v. City of Houston*, 617 F. 3d 335, 340 (5th Cir. 2010)). Plaintiff has not asserted factual allegations justifying a special election or nullification of the 2024 election as a remedy; there has been no allegation that any of the Defendants deliberately defied the requirements of the Voting

> Rights Act. Additionally, Plaintiff Jefferson was able to compete in the 2024 General Election, running as a candidate of the Libertarian Party.
>
> Because all equitable relief requested is moot, the Court should dismiss Plaintiff's claims against Defendant Hinojosa.

Dkt. No. 63 at 4-5 (cleaned up).

Doc. 72 at 9-10. The magistrate judge agreed with this argument and recommended that the court dismiss as moot for lack of subject matter jurisdiction under Rule 12(h)(3) Plaintiff's claims against Defendant Hinojosa.

On June 25, 2026, Plaintiff filed objections to the Report. In his objections (Doc. 75), Plaintiff asserts as follows with respect to Defendant Hinojosa's Motions and the magistrate judge's recommendation:

> 15. Plaintiff objects to Section II's recommendation granting Defendant **Gilberto Hinojosa**'s motion to dismiss under Rule 12(h)(3). Plaintiff's claims are not moot because damages, state action, public-record injury, and continuing injury remain live.
>
> 16. Plaintiff objects to Section II's finding that no effectual relief remains available. Effectual relief remains available through damages, nominal damages, declaratory relief, correction-related relief, public-record relief, and relief for continuing injury.
>
> 17. Plaintiff objects to Section II's treatment of Plaintiff's requested relief as limited to the 2024 election. Plaintiff seeks relief for completed and ongoing constitutional injuries, not merely placement on a past ballot.
>
> 18. Plaintiff objects to the FCR's reliance on mootness cases involving election relief because those authorities do not eliminate live claims for damages, nominal damages, correction-related relief, and continuing injury.
>
> 19. Plaintiff objects to any reliance on the fact that Plaintiff later ran in the general election as a Libertarian candidate. That fact does not erase the alleged Democratic primary ballot-access injury, rejected-status injury, due-process injury, equal-protection injury, or damages arising from the challenged conduct.
>
> 20. Plaintiff objects to the FCR's failure to address state action by party officials performing statutory primary-election duties through state-created election machinery, including [Defendant] **Hinojosa**'s filing-authority role and Brenda

Cruz's role as designee, agent, records custodian, or person with delegated authority.

21. Plaintiff objects to Section III's recommendation denying the remaining motions as moot, including . . . Defendant **Hinojosa**'s motion for summary judgment, and Plaintiff's motion for leave to file an out-of-time summary-judgment response. Rule 56(d), discovery, summary-judgment response rights, and Plaintiff's right to file and have the complete amendment package considered should not be bypassed by premature jurisdictional dismissal.

. . . .

27. Plaintiff objects that the FCR strictly applies procedural technicalities against Plaintiff while construing or converting procedural defects for represented defendants and elected officials, including construing [Defendant] **Hinojosa**'s post-answer Rule 12(b)(1) motion as a Rule 12(h)(3) jurisdictional motion. Plaintiff objects to unequal procedural treatment where rules are applied harshly against a pro se litigant but flexibly to preserve dispositive defenses for represented parties.

28. Plaintiff objects to the FCR's use of the Voting Rights Act standard as a reason to dismiss or moot Plaintiff's claims. Plaintiff did not plead the Voting Rights Act as the only basis for relief, and the absence of a separately labeled Voting Rights Act count does not eliminate Plaintiff's pleaded First Amendment, Fourteenth Amendment, Elections Clause, Section 1983, due-process, equal-protection, state-action, public-record, certification, and damages claims.

29. Plaintiff further objects that, if the Court believes the Voting Rights Act is material to any requested election remedy, the proper course is to allow amendment or supplementation, not final dismissal. Plaintiff's factual allegations and appendix evidence assert ballot exclusion, unequal enforcement, dilution of meaningful voter choice, improper certification, and use of state-created election machinery to benefit one candidate over another. Plaintiff preserves the right to plead additional voting-rights theories if the Court deems them necessary.

30. Plaintiff objects to the FCR's reliance on Plaintiff's later Libertarian general-election candidacy as a reason to erase the Democratic-primary injury. Plaintiff's later effort to remain politically active did not cure the alleged earlier injury: removal from the Democratic primary ballot, loss of party nomination opportunity, public rejected-status injury, loss of standing in the primary contest, campaign injury, and impairment of federal contest rights.

31. Plaintiff objects to the FCR's failure to account for how denial of emergency relief, delay in judicial review, and delayed or incomplete public-record disclosures transformed threatened harm into concrete injury. Plaintiff filed the original action to stop harm before it became irreversible; the passage of time and certification

process should not be used against Plaintiff to declare the injuries moot after the requested emergency review was denied.

. . . .
The FCR treats Plaintiff's failure to attach a proposed amended complaint as fatal, while construing [Defendant] **Hinojosa**'s procedurally improper post-answer Rule 12(b)(1) motion as a Rule 12(h)(3) jurisdictional motion. Plaintiff objects to this unequal procedural treatment because it magnifies technical defects against a pro se litigant while preserving dispositive arguments for represented political actors.

. . . .

**A. Finding objected to**

71. Plaintiff objects to the recommendation that [Defendant] **Hinojosa**'s motion to dismiss be granted under Rule 12(h)(3).

**B. Basis for objection**

72. Plaintiff alleges that [Defendant] **Hinojosa** was the Texas Democratic Party Chair and filing authority, and that Brenda Cruz and others acted as designees, agents, or persons with delegated authority in connection with Plaintiff's rejection and the communications that caused his status to change.

73. The appendix includes Texas Election Code provisions stating that the Election Code applies to primary elections, that it supersedes conflicting outside statutes unless otherwise provided, that election officials and public officials must strictly construe the Code, and that the definition of "election official" includes a chair of a county political party holding a primary election and the chair of a state executive committee of a political party that nominates by primary election. APP.067-APP.080.

**C. Argument**

74. A party official performing state-created primary-election duties is not acting as a purely private actor when reviewing applications, communicating candidate rejection decisions, and causing state candidate records to change. Plaintiff alleges state action because the conduct occurred through Texas's statutory primary-election machinery.

75. Plaintiff further objects to the FCR's conversion of [Defendant] **Hinojosa**'s post-answer Rule 12(b)(1) motion into a Rule 12(h)(3) motion without giving Plaintiff the same kind of procedural latitude to cure his own amendment defect. If the Court can construe [Defendant] **Hinojosa**'s motion to reach a jurisdictional argument, the Court should likewise construe Plaintiff's motion for leave,

objections, appendix, and contemporaneous motion for leave to amend together before entering final judgment.

76. Plaintiff also objects because [Defendant] **Hinojosa**'s role is not merely historical or private. Plaintiff alleges that [Defendant] **Hinojosa** was responsible for the filing authority function, that Brenda Cruz acted under that authority, and that the "chair has decided to reject" email caused SOS status changes and county ballot-preparation consequences. Those allegations and appendix materials require amendment and discovery, not jurisdictional dismissal.

77. The FCR should not dismiss [Defendant] **Hinojosa** before allowing Plaintiff to amend and seek discovery into [Defendant] **Hinojosa**'s role, Brenda Cruz's role, delegation, agency, records custody, SOS implementation, and comparator treatment.

**D. Requested ruling**

78. The Court should reject dismissal of [Defendant] **Hinojosa** or allow amendment and targeted discovery before final dismissal.

. . . .

**X. PLAINTIFF OBJECTS TO DENIAL OF SUMMARY-JUDGMENT RESPONSE AND RULE 56(d) ISSUES AS MOOT**

**A. Finding objected to**

85. Plaintiff objects to Section III of the FCR, which recommends denying [Defendant] **Hinojosa**'s summary judgment motion and Plaintiff's motion for leave to file an out-of-time summary-judgment response as moot.

**B. Basis for objection**

86. Plaintiff objects because the Court should not dismiss the case on mootness grounds and thereby avoid Rule 56(d) and discovery issues. Plaintiff needs discovery into facts controlled by Defendants and related actors, including: [Defendant] **Hinojosa**'s role as state party chair and filing authority; Brenda Cruz's role as designee, agent, records custodian, or person with delegated authority; communications between TDP and SOS concerning Plaintiff's rejection; communications concerning "the chair has decided to reject"; SOS implementation of Plaintiff's rejected status; comparator candidate corrections by email; public-record responses and omissions; canvass notice, public posting, and certification communications; House/Committee communications and federal contest-related records; and damages, reputational injury, and continuing public-record consequences.

87. The appendix includes evidence supporting these categories, but discovery remains necessary because many relevant facts are controlled by Defendants or third parties.

**C. Requested ruling**

88. The Court should grant Rule 56(d) relief or targeted discovery before any summary-judgment or final dismissal ruling.

. . . .

**XV. PLAINTIFF OBJECTS TO THE FCR'S VOTING RIGHTS ACT FRAMING AND THE USE OF THAT STANDARD TO DISMISS NON-VRA CONSTITUTIONAL CLAIMS**

**A. Finding objected to**

103. Plaintiff objects to the FCR's reliance on [Defendant] **Hinojosa**'s argument that invalidating an election is generally reserved for exceptional circumstances, usually involving egregious defiance of the Voting Rights Act, and to the conclusion that Plaintiff's claims fail because no Voting Rights Act violation was separately alleged.

**B. Basis for objection**

104. Plaintiff did not plead the Voting Rights Act as the sole basis for relief. Plaintiff pleaded constitutional and civil-rights injuries arising under the First Amendment, Fourteenth Amendment, Article I, the Elections Clause, Section 1983, state-created election machinery, and Texas election procedures. The absence of a separately labeled Voting Rights Act count does not defeat damages, nominal damages, declaratory relief, correction-related relief, public-record relief, or leave to amend on those constitutional claims.

105. The FCR's Voting Rights Act framing also overlooks the substance of Plaintiff's factual allegations. Plaintiff alleged ballot exclusion, unequal enforcement, improper rejection of a certified candidate, acceptance of a allegedly noncompliant opposing application, dilution of meaningful voter choice, denial of process, and use of state election machinery to favor one candidate. Those facts were pleaded as constitutional violations and, if the Court believes a voting-rights statute must be specifically pleaded for any election-related remedy, Plaintiff should be allowed to amend rather than suffer final dismissal.

106. Plaintiff further objects that the FCR imported the Voting Rights Act discussion through [Defendant] **Hinojosa**'s mootness argument even though [Defendant] **Hinojosa**'s motion for summary judgment, not the FCR's Rule 12(h)(3) jurisdictional dismissal, was the posture in which that argument was most fully developed. Plaintiff sought leave to file an out-of-time response and Rule

56(d) relief. Denying those matters as moot deprived Plaintiff of a fair opportunity to address the Voting Rights Act framing, the Wilson/Lopez cases, and the factual record supporting continuing injury.

**C. Requested ruling**

107. The District Court should reject any ruling that uses the absence of a separately pleaded Voting Rights Act count to dismiss Plaintiff's constitutional claims. Alternatively, the Court should allow amendment so Plaintiff may plead any additional voting-rights theory that the District Court believes is necessary to support the requested relief.

. . . .

**XVII. PLAINTIFF OBJECTS TO DISMISSAL BEFORE AUTHENTICATION AND PRODUCTION OF AUDIO, VIDEO, AND TRANSCRIPT EVIDENCE**

116. The Court should reject dismissal or final judgment before allowing discovery into Brenda Cruz's knowledge, role, communications, authority, and relationship to the Texas Democratic Party and [Defendant] **Hinojosa**.

**D. Requested ruling**

117. Plaintiff does not contend that the donation alone proves wrongdoing. Plaintiff offers it to show knowledge, prior relationship, materiality, potential bias, and the need for discovery into Cruz's authority, communications, designee status, relationship to [Defendant] **Hinojosa**/TDP, and actions surrounding Plaintiff's rejection and public candidate-status change.

118. Plaintiff has evidence that Brenda Cruz knew Plaintiff before the 2024 ballot-access dispute. Plaintiff has produced an ActBlue contribution alert showing that Brenda Cruz donated $25.00 to Jrmar Jefferson through Jefferson 4 Congress, identifying her occupation as Regional Political Manager and employer as Texas Democratic Party.

**B. Basis for objection**

119. Plaintiff objects to any finding or recommendation that treats Brenda Cruz's role as merely clerical, detached, or immaterial to Plaintiff's claims against the Texas Democratic Party, [Defendant] **Hinojosa**, and the election-administration process.

. . . .

142. Plaintiff further preserves the argument that additional findings are necessary to permit meaningful appellate review, including findings on mootness, damages, nominal damages, continuing injury, public-record injury, state action, [Defendant] **Hinojosa**'s role, Brenda Cruz's role, the House/Committee/FCEA proceedings, the denial of leave to amend, Rule 56(d), and Plaintiff's request for leave through Friday, June 26, 2026 to file the complete amendment package.

. . . .

147. As to the recommendation dismissing the case as moot, Plaintiff objects because effectual relief remains available through damages, nominal damages, declaratory relief, correction-related relief, public-record relief, and relief for continuing injury. Plaintiff requests that the District Court reject the mootness recommendation and hold that Plaintiff's claims remain live.

148. As to the recommendation dismissing Defendant Gilberto **Hinojosa**, Plaintiff objects because party officials performing statutory primary-election duties may constitute state actors when they act through state-created election machinery. Plaintiff requests that the District Court reject dismissal of [Defendant] **Hinojosa**, or at minimum allow amendment and targeted discovery regarding [Defendant] **Hinojosa**'s role, Brenda Cruz's role, delegation, agency, state action, communications, and implementation of Plaintiff's rejected status.

. . . .

150. As to the recommendation denying the remaining motions as moot, Plaintiff objects because discovery, summary-judgment response issues, and Rule 56(d) issues should not be mooted by an incorrect jurisdictional dismissal. Plaintiff requests that the District Court permit targeted discovery or Rule 56(d) relief before any summary-judgment or final dismissal ruling.

151. As to the FCR's reliance on Plaintiff's pro se status and technical-rule compliance, Plaintiff objects because pro se filings must be construed for substance and because the Court should not apply flexible construction to represented defendants' procedural defects while denying Plaintiff a comparable opportunity to cure his own curable omission.

152. As to the FCR's Voting Rights Act framing, Plaintiff objects because the absence of a separately labeled Voting Rights Act count does not moot or defeat Plaintiff's pleaded constitutional, Section 1983, Elections Clause, public-record, certification, and damages claims.

If the Court believes a Voting Rights Act theory is necessary for any remedy, Plaintiff requests leave to amend rather than final dismissal.

. . . .

> 155. As to Brenda Cruz, Plaintiff objects to any finding that her knowledge or role is immaterial. Plaintiff requests discovery into Cruz's authority, communications, relationship to [Defendant] **Hinojosa**/TDP, prior knowledge of Plaintiff, and role in the rejection/status-change process.
>
> 156. As to Plaintiff's recordings, video evidence, and unofficial transcripts, Plaintiff objects to dismissal before authentication, production, supplementation, or an evidentiary hearing. Plaintiff requests leave to produce and authenticate the underlying recordings and corrected transcripts.

Doc. 75 at 5-39 (emphasis added).

Defendant Hinojosa filed a response (Doc 80) to Plaintiff's objections in which he stands by his mootness argument and contends that Plaintiff's latest attempt to amend his pleadings are "grossly untimely" especially in light of the prior notice he had of the defects in his pleadings. Doc. 80 at 2. The court will address by separate order Plaintiff's Motion for Leave to Amend (Doc. 61) and his requests to amend that were included in his objections and other filings. For purposes of this order, the court focuses on Defendant Hinojosa's Motions and Plaintiff's objections to the magistrate judge's recommendation regarding those Motions.

As a preliminary matter, the court agrees with the magistrate judge that the relief sought by Plaintiff is now moot. Contrary to Plaintiff's objection, he has not pleaded or sought monetary or nominal damages in his Complaint, and the factual allegations in his pleadings do not support a finding that the alleged conduct by Defendant Hinojosa will continue into the future. Even assuming as Plaintiff contends that his claims are not moot, the court determines that he has not raised a genuine dispute of material fact in response to the matters for which Defendant Hinojosa has sought summary judgment notwithstanding the court's granting his motion for leave to file summary judgment evidence out-of-time. *See* Doc. 84 (granting "Plaintiff's Motion for Leave (Doc. 68) to the extent he requests that the court consider the 13 exhibits (1,822 pages) attached to

his Motion for Leave in ruling on Defendant Gilberto Hinojosa's Motion for Summary Judgment").

While Plaintiff contends that his claims against Defendant Hinojosa's claims should not be dismissed before he has an opportunity to conduct discovery, neither his summary judgment response package nor his objections to the Report satisfies the requirements under Rule 56(d) necessary to defer a summary judgment ruling until after he conducts discovery. The deadline to complete discovery in this case expired on April 1, 2026. *See* Doc. 60. Plaintiff, however, has not presented any evidence in the form of an affidavit or declaration to show that he has previously requested discovery regarding the issues he references or that he has attempted to conduct any discovery at all in this case. *See* Fed. R. Civ. P. 56(d). Also, he has not been diligent in seeking discovery and has not informed the court as to how discovery will raise a genuine dispute of material fact. Accordingly, his objection in this regard is unsupported and does not entitle him to an extension of the discovery deadline for purposes of forestalling a ruling on Defendant Hinojosa's Motion for Summary Judgment.

Accordingly, having considered Defendant Hinojosa's Motion to Dismiss (Doc. 63), Plaintiff's Complaint (Doc. 3), the Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge with respect to the Motion to Dismiss by Defendant Hinojosa are correct, and **accepts** them **as supplemented by this order**, as those of the court; **overrules** Plaintiff's objections to the Report with respect to the Motion to Dismiss by Defendant Hinojosa; **grants** the Motion to Dismiss by Defendant Hinojosa (Doc. 63); **dismisses without prejudice** all the claims by Plaintiff against Defendant Hinojosa; and **denies as moot** his Motion for Summary Judgment (Doc. 66). Alternatively, or in addition, the court **concludes** that, even assuming as Plaintiff

contends that his claims are not moot and subject to dismissal on this ground, he has not raised a genuine dispute of material fact in response to the matters for which Defendant Hinojosa has sought summary judgment notwithstanding the court's granting his motion for leave to file summary judgment evidence out-of-time such that Defendant Hinojosa is entitled to dismissal of Plaintiff's claims either way.

It is so ordered this 30th day of September, 2026.

Sam A. Lindsay
United States District Judge